Rob Bonta
Attorney General of California
Jill M. Thayer
Deputy Attorney General
Michele J. Swanson
Supervising Deputy Attorney General
State Bar No. 191193
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3866
 Fax:  (415) 703-1234
 E-mail:  Michele.Swanson@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JONATHAN MONTANA,**<br><br>                                   Petitioner,<br><br>           v.<br><br>**JEFF MACOMBER, Secretary of the California Department of Corrections and Rehabilitation,**<br><br>                                   Respondent. | 25-cv-09717-TLT<br><br>**OPPOSITION TO MOTION FOR A STAY AND ABEYANCE** |

### INTRODUCTION

On November 12, 2025, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his state court criminal judgment.  Dkt. No. 1.  That same date, he also filed a motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could exhaust claims of ineffective assistance of trial counsel contained in his federal petition.  Dkt. No. 2.  Respondent opposes the motion because petitioner has failed to show good cause for a stay or diligence in exhausting his claims.

# STATEMENT OF THE CASE

A Santa Clara County jury convicted petitioner of sodomy by use of an intoxicating, anesthetic, or controlled substance; sodomy by force; oral copulation by use of an intoxicating, anesthetic, or controlled substance; oral copulation by force; rape by use of an intoxicating, anesthetic, or controlled substance; and rape by force in case number C1774437.  Ex. F to *Rhines* Mot. at 2.  The trial court sentenced petitioner to the lesser term of three years on the forcible sodomy count, with concurrent separate three-year terms on the forcible oral copulation and forcible rape counts.  The court also imposed but stayed separate three-year terms on the counts of sodomy of an intoxicated person, oral copulation of an intoxicated person, and rape of an intoxicated person.  *Id*.

On June 11, 2024, the California Court of Appeal affirmed the judgment on appeal.  Ex. F to *Rhines* Mot.  On August 14, 2024, the California Supreme Court denied a petition for review.  *Id*. at 1.

As noted above, petitioner initiated this action on November 12, 2025, by filing a counseled petition for writ of habeas corpus and a motion for a *Rhines* stay.  Dkt. Nos. 1, 2.  On December 23, 2025, after errors regarding the naming and service of respondent were corrected, the Court set a briefing schedule for the *Rhines* motion.  Dkt. No. 24.

# ARGUMENT

**I.   PETITIONER FAILS TO MEET THE *RHINES* STANDARD FOR A STAY AND ABEYANCE**

In *Rhines*, the Supreme Court held that a district court has discretion to stay a mixed petition containing both exhausted and unexhausted claims.  544 U.S. 269.  Subsequently, the Ninth Circuit held that "a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*."  *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

While a district court has discretion under *Rhines* to grant a stay, the Supreme Court has cautioned, "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a

1  petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."
2  *Rhines*, 544 U.S. at 277 (citation omitted).  For these reasons, stay and abeyance is appropriate
3  "only in limited circumstances," and requires the petitioner to show good cause for his failure to
4  exhaust his claims first in state court and that the unexhausted claims are not "plainly meritless."
5  *Id*.  "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court
6  should not grant him a stay at all." *Id*. at 278.  Thus, "[u]nder *Rhines*, a district court must stay a
7  mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in
8  state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication
9  that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540
10 F.3d 1019, 1023 (9th Cir. 2008).

11 While "good cause" in this context does not mean "extraordinary circumstances," *Jackson
12 v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), it does require a petitioner to "set forth a reasonable
13 excuse, supported by sufficient evidence," to justify the failure to exhaust.  *Blake v. Baker*, 745
14 F.3d 977, 982 (9th Cir. 2014).  A "bald assertion cannot amount to a showing of good cause," *id*.,
15 nor can allegations that are "insufficiently detailed." *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir.
16 2009).

17 The Ninth Circuit has held that the standard set forth in *Martinez v. Ryan*, 566 U.S. 1
18 (2012) to overcome a procedural default of a claim of ineffective assistance of trial counsel by
19 asserting ineffective assistance of post-conviction counsel as cause, also applies to *Rhines* stay
20 requests.  *Blake*, 745 F.3d at 983.  The court stated, "good cause under *Rhines*, when based on
21 IAC, cannot be any more demanding than a showing a cause under *Martinez* to excuse state
22 procedural default." *Id*. at 983-84.  Thus, a petitioner's contention that his state post-conviction
23 counsel was ineffective for failing to exhaust a claim of ineffective assistance of trial counsel may
24 constitute good cause for a stay, where he presents more than a "bare allegation of state post-
25 conviction IAC" and offers a "concrete and reasonable excuse, supported by evidence," that state
26 post-conviction counsel failed to investigate and present a claim to the state court.  *Id*.  In *Doerr
27 v. Shinn*, 127 F.4th 1162, 1174-75 (9th Cir. 2025), the Ninth Circuit held, "Doerr's failure to
28 present his ineffective assistance at sentencing claim in state court was due to the ignorance or

inadvertence of his original state postconviction counsel. That is sufficient to constitute good cause under *Rhines*."

In its opinion on appeal, the California Court of Appeal noted that any ineffectiveness claims petitioner wished to raise that were based on evidence outside the trial record should be raised on state habeas. *See* Ex. F to *Rhines* Mot. at 14. Petitioner's exhibits[1] show that he knew about the court of appeal's decision on the day it issued, and that on August 21, 2024, appellate counsel told him that review had been denied and informed him of the statute of limitations for filing state and federal habeas petitions. Petitioner's exhibits also show that petitioner contacted attorney Benjamin Lechman as early as May 2024 about pursuing habeas relief, yet petitioner did not retain Mr. Lechman until October 23, 2024. Petitioner does not claim, nor could he, that his delay in pursuing state habeas relief before October 23, 2024 constitutes good cause under *Rhines*.

Rather, petitioner's entire good cause argument rests on the ten months Mr. Lechman was representing him. He contends that Mr. Lechman "performed no investigation, made serial excuses, failed to schedule and/or conduct any telephone conferences, and did not file any habeas petitions in state or federal court," despite having received payment. *Rhines* Mot. at 6. Petitioner contends that "[t]his abandonment" by Mr. Lechman constitutes good cause under *Rhines* for his failure to exhaust his state remedies. *Id*. at 7.

However, petitioner's exhibits reflecting his alleged texts, calls, and emails with Mr. Lechman show no abandonment. On the contrary, they show that Mr. Lechman was always courteous and responsive to petitioner, and stayed in touch with him throughout the entire time he represented him. It also shows that Mr. Lechman performed work on the case, such as contacting petitioner's appellate counsel, discussing the case with petitioner, hiring a paralegal to prepare transcript summaries, and going over case materials. Mr. Lechman also informed petitioner three months before the filing deadline of the federal petition that he would be unable to meet the

---

[1] We note that no foundation or authentication has been provided for these exhibits, and that many of them appear to be out of order, incomplete, and taken out of context. They also consist of hearsay. While we take them at face value for purposes of this motion, we do not concede the truth or accuracy of their contents or that they satisfy the rules of evidence.

4

1  deadline, due to his work on a death eligible murder case.  He offered a refund to petitioner and
2  referred him to petitioner's current habeas counsel, John D. Kirby, to take over the case.

3      Petitioner immediately hired Mr. Kirby and three months later filed a timely "protective"
4  federal habeas petition, raising the claims he wished to exhaust in state court.  Inexplicably,
5  petitioner did not file a state habeas petition raising those same claims at the time he filed his
6  federal petition, *see* Ex. H to *Rhines* Mot., Kirby Decl. at ¶ 3 (declaring that no state habeas
7  petition has been filed), even though he admittedly "prepare[d] both state and federal habeas
8  petitions."  *See* Pet. at 6.  Mr. Lechman certainly cannot be faulted for petitioner's failure to
9  submit his claims to the state court at the same time he submitted them to the federal court.
10 Accordingly, petitioner cannot show that his failure to exhaust state court remedies was "due to
11 the ignorance of inadvertence of his original state postconviction counsel."  *Cf. Doerr v. Shinn*,
12 127 F.4th at 1174-75.

13     Additionally, to this day, petitioner has still not initiated state habeas proceedings.  *See*
14 *Rhines* Mot. at 13 (proposing that he file a state habeas petition in the superior court within 30
15 days of a stay order); Ex. H to *Rhines* Mot., Kirby Decl. at ¶ 6 (declaring same).  His dilatory
16 behavior in exhausting his state court remedies does not show diligence warranting a *Rhines* stay.
17 The Ninth Circuit recently held "that in exercising sound discretion when evaluating good cause
18 under *Rhines*, the district court must consider a petitioner's diligence (or lack thereof) in pursuing
19 his state court remedies after he files his federal petition."  *Banks v. Allison*, 140 F.4th 1181, 1187
20 (9th Cir. 2025).

21     In sum, petitioner has shown neither good cause for his failure to exhaust his state court
22 remedies nor diligence in bringing his unexhausted claims to the state court.  Accordingly,
23 respondent respectfully requests that his motion for a stay be denied.

24 ////
25 ////
26 ////
27 ////
28 ///

# CONCLUSION

For the foregoing reasons, respondent respectfully requests that the motion for a stay and abeyance be denied.

Dated: January 12, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JILL M. THAYER
Deputy Attorney General

*/s/ Michele J. Swanson*
MICHELE J. SWANSON
Supervising Deputy Attorney General
*Attorneys for Respondent*

SF2025402944
44925891.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Jonathan Montana v. Jeff Macomber, Secretary of the California Department of Corrections and Rehabilitation** | No. | **25-cv-09717-TLT** |

I hereby certify that on <u>January 12, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO MOTION FOR A STAY AND ABEYANCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 12, 2026</u>, at San Francisco, California.

| S. Chiang | /s/ S. Chiang |
|---|---|
| Declarant | Signature |

SF2025402944
44927642.docx